08 CV 4486

JUDGE CROTTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GLOBO COMUNICACAO E )
PARTICIPACOES, S.A. )
  )
   Plaintiff, )
  )   CIVIL ACTION
v. )
  )   FILE NO.
JOHN AND JANE DOES 1-10, )
JOHN DOE CORPORATIONS 1-10, )
OTHER JOHN DOE ENTITIES 1-10, )
All whose true names and identities are unknown )
  )
   Defendants. )
  )

RECEIVED 1 4 2008 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff Globo Comunicacao e Participacoes, S.A. ("Plaintiff") files this Complaint for damages and shows as follows:

### The Parties

1.

Plaintiff is a corporation organized and existing under the laws of the nation of Brazil.

2.

Upon information and belief, Defendants John and Jane Does 1 through 10 (the "Individual Defendants") are individuals whose names and addresses of residence are unknown.

3.

Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of residence of which are unknown.

4.

Upon information and belief, Defendants Other John Doe Entities 1 through 10 (the "Other Entity Defendants") are other legal entities, the names and addresses of residence of which are unknown.

## Jurisdiction and Venue

5.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York, and the Defendants may reside in the Southern District of New York.

## Statement of Facts

7.

Plaintiff is an international telecommunications company with operations around the world.

8.

In order to effectively manage Plaintiff's extensive business operations and to provide telecommunication and other services to Plaintiff's customers, Plaintiff operates a world-wide computer network ("Plaintiff's Network").

9.

Plaintiff's Network is essential in the day to day operation of Plaintiff's business.

10.

Plaintiff's Network consists of, among other things, numerous computers and servers located around the world, including computers and servers located in New York.

11.

On April 8, 2008 at 6:57 P.M. EST, a file entitled "SPACK34.ZIP" ("The Malicious File") was downloaded to a computer inside Plaintiff's Network.

12.

The Malicious File contained malicious computer programming code. The code was designed to invade and destroy various aspects of Plaintiff's computer system, and is what is commonly referred to as "Malware" – software designed to infiltrate or damage a computer system without the owner's consent. (The most common types of malware are "viruses" or "worms.") In the instant case, upon information and belief, the Malicious File was designed specifically to be run on/installed in Plaintiff's Network and that would not function if used on any other computer network.

13.

The Malicious File, when opened and run on Plaintiff's Network, caused significant interruptions of service for thousands of Plaintiff's customers, disabled Plaintiff's ability to use its network to run its business operations and resulted in millions of dollars of lost revenue and damage to the computers and servers comprising Plaintiff's Network, both in New York and elsewhere.

14.

The Malicious File was downloaded onto Plaintiff's Network from www.sendspace.com.

15.

Sendspace.com is an Internet site that specializes in providing storage and transmission services for files that are too large to be sent over the Internet through traditional E-mail services. Users can upload large files to the site and then they, or others, can download the Malicious Files onto other computers or computer networks. Upon information and belief, Sendspace.com is often used for the purposes of illegal file sharing (i.e., copyrighted music and film content). Upon information and belief, it is also used commonly by international terrorist organizations for, among other things, carrying out acts of computer sabotage.

16.

The domain name "sendspace.com" is registered anonymously through the use of a service known as Domains by Proxy, Inc, with a headquarters located at 15111 n. Hayden Road, Suite 160, Scottsdale, Arizona, 85260.

**COUNT I – Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*)**

17.

Plaintiff hereby incorporates Paragraphs 1 through 16 as if fully set forth herein.

18.

On or before April 8, 2008, one or more of the Individual Defendants, the Corporate Defendants and/or the Other Entity Defendants (collectively "Defendants") uploaded The Malicious File for storage on www.sendspace.com.

19.

On April 8, 2008, one or more of the Defendants accessed Plaintiff's Network and knowingly caused the transmission of The Malicious File from www.sendspace.com to Plaintiff's Network.

20.

Plaintiff's Network contains both servers and computers, located in New York and elsewhere, that are used in interstate and foreign commerce and communication.

21.

Defendants' acts of accessing Plaintiff's Network and transmitting The Malicious File to Plaintiff's Network were without authorization from Plaintiff or exceeded the scope of authorized access to Plaintiff's Network that one or more of the Defendants may have been granted by Plaintiff.

22.

The transmission to and use of The Malicious File on Plaintiff's Network by one or more of the Defendants was intentional. Upon information and belief, The Malicious File was specifically designed to work on Plaintiff's Network and would not function as a computer program on other computer networks.

23.

As a result of the transmission to and use of The Malicious File on Plaintiff's Network, Plaintiff suffered massive network service outages and extensive damage to the files contained on the servers and computers in Plaintiff's Network, including but not limited to damages to the computers and servers themselves.

24.

The aggregate cost to repair the files, servers and computers that were damaged by the transmission to and use of The Malicious File on Plaintiff's Network is well in excess of $5,000, and Plaintiff is entitled to damages under the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*), in an amount to be proven at trial.

25.

In addition, Defendants' actions have caused irreparable injury to Plaintiff and Plaintiff's Network. As long as the Defendants remain unidentified and maintain their unfettered access to the Internet and Plaintiff's Network, Plaintiff is in danger of suffering continuing and irreparable injury at the hands of the Defendants again.

26.

With regard to the threat of future injury, Plaintiff is without an adequate remedy at law.

27.

Plaintiff's claim is likely to succeed on the merits.

28.

Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the Defendants from accessing Plaintiff's Network and from causing damage to Plaintiff's Network in the future.

29.

In light of the balance of hardships between the Plaintiff and Defendants, injunctive relief is warranted, and the public interest would not be disserved by granting the equitable relief that Plaintiff requests.

## COUNT II – Trespass to Chattels

30.

Plaintiff hereby incorporates paragraphs 1 through 16 as if fully set forth herein.

31.

Plaintiff has a protectable possessory interest in Plaintiff's Network.

32.

One or more of Defendants accessed Plaintiff's Network without authorization and downloaded The Malicious File onto Plaintiff's Network.

33.

Alternatively, by intentionally downloading the Malicious File onto Plaintiff's Network, one or more of the Defendants exceeded any authorization to access Plaintiff's Network that may have previously been granted by Plaintiff.

34.

By their foregoing conduct, Defendants trespassed with regard to Plaintiff's property.

35.

Based on the foregoing, Plaintiff is entitled to damages, in an amount to be proven at trial.

36.

In addition, Defendants' actions have caused irreparable injury to Plaintiff and Plaintiff's Network. As long as the Defendants remain unidentified and maintain their unfettered access to the Internet and Plaintiff's Network, Plaintiff is in danger of suffering continuing and irreparable injury at the hands of the Defendants again.

37.

With regard to the threat of future injury, Plaintiff is without an adequate remedy at law.

38.

Plaintiff's claim is likely to succeed on the merits.

39.

Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief to enjoin the Defendants from accessing Plaintiff's Network, from continuing to trespass on Plaintiff's Network and from causing damage to Plaintiff's Network in the future.

40.

In light of the balance of hardships between the Plaintiff and Defendants, injunctive relief is warranted, and the public interest would not be disserved by granting the equitable relief that Plaintiff requests.

**WHEREFORE**, Plaintiff prays for the following relief:

a. that Plaintiff be awarded damages in an amount to be proven at trial;

b. that Plaintiff be awarded the costs of this action, including reasonable attorneys fees;

c. that this Court preliminarily and permanently enjoin Defendants from accessing Plaintiff's Network, from continuing to trespass on Plaintiff's Network and from causing damage to Plaintiff's Network in the future;

    d. that Plaintiff be awarded such other and further relief as this Court deems just and proper.

                                           Respectfully submitted,

                                           **TROUTMAN SANDERS LLP**

**Dated:**   May 14, 2008
            New York, New York

                                           By: _____
                                               Oren J. Warshavsky
                                           The Chrysler Building
                                           405 Lexington Avenue
                                           New York, New York 10174
                                           Telephone: (212) 704-6213
                                           Facsimile: (212) 704-8356
                                           e-mail: Oren.Warshavsky@troutmansanders.com

                                           *Attorneys for Plaintiff*

*Of Counsel*

John P. Hutchins
Benjamin D. Chastain
Troutman Sanders LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308-2216

9

08 CV 4486

JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBO COMUNICACAO E
PARTICIPACOES, S.A.

                        Plaintiffs,

-against-

JOHN AND JANE DOES 1-10, JOHN DOE
CORPORATIONS 1-10, OTHER JOHN DOE
ENTITIES 1-10, All whose true names and
identities are unknown,

                        Defendant.

Civil Action No.



RECEIVED
MAY 14 2008
U.S.D.C. S.D.N.Y.
CASHIERS

---

### RULE 7.1 STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for plaintiff **Globo Comunicacao E Participacoes, S.A.** (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held: **Net Servicios de Comunicacao S.A.** and **CMA Participacoes S.A.**

                        Respectfully Submitted,

                        TROUTMAN SANDERS LLP

Dated: May 13, 2008
         New York, New York

                        By: _____
                            Oren J. Warshavsky (OW 9469)
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, New York 10174
                        Telephone: (212) 704.6213
                        Facsimile: (212) 704-8356
                        e-mail: Oren.Warshavsky@troutmansanders.com

                        *Attorneys for Plaintiff*